IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLIE STEWART,

                           Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                           Defendant.

ORDER

18-cv-869-jdp

---

Defendant Portfolio Recovery Associates, LLC, removed this case from the Circuit County for Polk County, Wisconsin, in accordance with 28 U.S.C. §§ 1441 and 1446. Because the notice of removal does not show that the court can exercise jurisdiction over the case, the court will give Portfolio Recovery an opportunity to file supplemental materials to cure the deficiencies. If it fails to do so, I will remand the case to state court.

Portfolio Recovery relies solely on 28 U.S.C. § 1332 as a basis for jurisdiction. That statute requires diversity of citizenship between the parties and an amount in controversy greater than $75,000. Portfolio Recovery states that plaintiff Kellie Stewart is a citizen of Wisconsin, but it provides no basis for that allegation. An individual like Stewart is a citizen of the state where she intends to remain indefinitely. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). But Stewart says nothing in her complaint about where she lives or intends to remain and Portfolio Recovery provides no additional information in its notice of removal.

The citizenship of a limited liability company such as Portfolio Recovery is determined by the citizenship of its members. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix and von Gontard*, 385 F.3d 737, 738 (7th Cir. 2004). But Portfolio Recovery did not identify its members, let alone their state citizenship.

As for the amount in controversy, Stewart (who appears to be proceeding pro se) asks for more than $200 million in her complaint. But it is not clear whether there is any basis for the request. Although it is difficult to follow some of Stewart's allegations, her primary claim appears to be that Portfolio Recovery withdrew $25 from her bank account on several occasions. Stewart does not explain in her complaint how she calculated a request for more than $200 million from that or any of her other allegations. Regardless what a plaintiff asks for in her complaint, there must be some legal basis for a conclusion that she could recover more than $75,000. *McCormick v. Independence Life & Annuity Co.*, 794 F.3d 817, 818–19 (7th Cir. 2015). The notice of removal provides no information that would help the court make that determination.

I will give Portfolio Recovery an opportunity to file supplemental materials showing that its and Stewart's citizenship is diverse and explaining why it believes that the amount in controversy is more than $75,000. If Portfolio Recovery fails to make that showing, I will remand the case to state court.

ORDER

IT IS ORDERED that defendant Portfolio Recovery Associates, LLC, may have until November 13, 2018, to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

Entered October 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge