IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLIE STEWART,

           Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

           Defendant.

ORDER

18-cv-869-jdp

---

Defendant Portfolio Recovery Associates, LLC, removed this case from the Circuit County for Polk County, Wisconsin, relying solely on 28 U.S.C. § 1332 as a basis for jurisdiction. Because its notice of removal did not satisfy the requirements of § 1332, I gave Portfolio Recovery an opportunity to file supplemental materials. Dkt. 5. Portfolio Recovery has responded to that order, but the materials it filed still do not show that the court can exercise jurisdiction, so I will remand the case to state court.

Section 1332 requires diversity of citizenship between the parties and an amount in controversy greater than $75,000. Portfolio Recovery's original notice of removal failed to show either of these things. The supplemental materials are adequate to show diversity of citizenship, but they still fail to show that the amount in controversy is more than $75,000.

Stewart (who appears to be proceeding pro se) asks for more than $200 million in her complaint. But there does not appear to be any basis for the request. Although it is difficult to follow some of Stewart's allegations, her primary claim appears to be that Portfolio Recovery withdrew $25 from her bank account on several occasions. Stewart does not explain in her complaint how she calculated a request for more than $200 million from that or any of her other allegations. Regardless what a plaintiff asks for in her complaint, there must be some

legal basis for a conclusion that she could recover more than $75,000. *McCormick v. Independence Life & Annuity Co.*, 794 F.3d 817, 818–19 (7th Cir. 2015). The notice of removal provided no information that would help the court make that determination.

In its supplemental materials, Portfolio Recovery fails to cure the deficiency in the complaint and original notice of removal. It says only that Stewart asks for damages for emotional distress, but it does not suggest that she has any legal basis for making that request generally or that there are any allegations in the complaint that would support emotional distress damages of more than $75,000. And I cannot discern a legal basis for that request from the allegations in the complaint.

"The amount-in-controversy requirement would not be worth the paper it's written on if arbitrary multipliers, or a plaintiff's fondest wishes, counted toward federal jurisdiction." *Id.* at 819. The proponent of jurisdiction must show that the plaintiff has made a "good-faith estimate" of her damages. *Id.* at 818. Because the complaint does not appear to support Stewart's damages request and Portfolio Recovery hasn't identified a basis for it, this court cannot exercise jurisdiction under § 1332.

ORDER

IT IS ORDERED that this case is REMANDED to Polk County Circuit Court for lack of subject matter jurisdiction.

Entered November 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge